Good morning, Counsel. The next case on the docket is 4-15-0074, En Re. The Marriage of Engst. Appearing for the appellant is Attorney John McLaughlin and for the appellee, Attorney Helen Ogar. And Mr. McLaughlin, are you ready to proceed? You may. Please support, Counsel. I received on October 26th, well it was sent October 26th, a letter from this court. And I am prepared to go through those questions that the court asked for Counsel to prepare for. I'll proceed in that fashion. Question one was where in the record on appeal is the ruling on petitioner's motion to reconsider. The only place it would be would be appellee's response brief. And you understand that is not a matter of, that's not the record on appeal. Correct. So it would not be in the record yet. I did file, after receiving this letter, I filed a motion to supplement the record. Question two, if not shown in the record on appeal, does this corrupt jurisdiction. I believe the court does. In Val Kunis, the case that the court cited in the letter, under the new rule 303A2, the notice of appeal was filed properly in this case. There was a pending, at that time, a pending motion to reconsider. In the judgment of dissolution entered, and in my motion to strike, it was stated in December, but it's January 20th, 2015, there was a 304 finding. And under Val Kunis, a 304 finding is necessary if all issues aren't resolved. So I believe, since we do have a 304 finding in this case, this case is right, and the court does have jurisdiction. And then the 303A2 states that once the motion to reconsider is ruled upon, it's also, the notice of hearing becomes in effect. Well, counsel, in that regard, that just allows for jurisdiction to attach when the notice of appeal has been filed prior to a determination of the motion to reconsider. It assumes that an order resolving the motion to reconsider is then made of record and is before this court. It allows for the notice of appeal to be considered timely. But it doesn't say anything about excusing the absence of an order disposing of the motion to reconsider. And all of it, it was my error not moving on supplementing the record quicker. But I have asked the court to allow me to, well, to order the trial court to supplement the record. The two cases that the court cited, Val Kunis and Herron, on this issue, they were both disputes as to the record, the supplemental issues in motion to strike. Here, I think Ms. Ogar and I would not have any dispute that the order she attached is the order of the court. Other cases I found, even though the record was incomplete, the court had enough information that it would not hinder its review of the merits of the case. But in any case, I do understand that it was my error not supplementing or asking for the record to be supplemented sooner. And I'm hopeful that the court will allow the circuit clerk to now supplement the record, as well as allow me to amend a brief, specifically the appendix. Question four was, what is the effect of including a document in a brief's appendix which is not of record? The court can strike or disregard those issues. Again, Petrel, there was a motion to strike in that case, so there's a dispute as to the additional issues included. And in Herron, there was a dispute as to the supplemental events in that case, as well. So in general here, I don't believe there is a dispute as to what the order was on the motion to reconsider. Question five was, if the record on appeal is not complete, what can the parties do to ensure that the case is not dismissed for lack of appellate jurisdiction? Again, the Valchunis case I found helpful. While this case isn't exactly on point, it does lay out the procedure, and that's to supplement the record, to file the notice of appeal within 30 days of the final hearing, and then to supplement the record when the subsequent orders are entered. Here, well, in Valchunis, here's why it's not exactly on point, and this court did not have jurisdiction. Valchunis, the appeal was on contempt issues. There was a final ruling on contempt issues eventually, and then in the midst of the appeal, a motion to disqualify counsel was filed. And there was no 304 finding in the contempt orders in the lower court. And so when this came back up, or when this came to the appellate court on the contempt issues, the court found it didn't have jurisdiction because there was no 304 finding, or there was still pending issues in the case. Here again, in this case, in the judgment of dissolution that I'm appealing from, there was a 304 finding, and I would like, again, to leave to supplement the record with the order on motion to reconsider, and to amend my brief, like I said, in regards to the appendix. This issue, the briefs are small in this issue on both sides. I believe that this issue is very narrow. I don't believe there's a lot of issues of fact, or disputes of fact. This appeal was stayed, I believe, starting in May because of the Mueller case that came from, I believe, this court, up to the Illinois Supreme Court. And then this case was reestablished, or restarted, or I guess unstayed, after the Mueller case came down. We're dealing with one narrow issue here, and I can speak as to that if the court's satisfied with my explanation as to the letter from the court. Did you address the last question? What must be—so that would be a copy of the notice of appeal, the relevant orders, there's a table of content. And in my motion to supplement, I ask leave to supplement or amend my brief, again, to include the full appendix. And I would have, after receiving this letter, I would have filed one, but in researching this, I came across Berufi, its second district, in 2013, where the appellate court had a complaint that the appellant did not ask leave to file, and the court had not granted him leave to file. And so I included that in my request in the motion to supplement. And the issue in this appeal is, when a spouse participates in Social Security in a pension, and then the other spouse participates in a TRS, and doesn't—won't be eligible for Social Security, does the court take into—or can the court take into consideration Social Security received by one spouse? Well, maybe going to be received by one spouse and not the other. And I think the resounding answer to this in this state is no, it can't. And so, in not only the judgment of dissolution, which incorporates an order from the court, an order ruling from the court, and the order on the motion to reconsider, the court does consider this Social Security. And now, to mention it, I think, is to consider it. I know the trial court in the order in the motion to reconsider, I think, tried to explain how it didn't consider it, but then went on to say, consider it for the limited purposes of determining what was equitable as to the needs of the parties, the economic circumstances of the parties. And so, it's—you're still considering it. I believe in the court case of Hiscordo, this United States Supreme Court, which was quoted by the Mueller Court in Illinois, quote, instructing a trial court to consider Social Security benefits, as the appellate court did in this case, either causes an actual difference in the asset distribution, or it does not. If it does not, then the consideration is essentially without meaning. If it does, then the monetary value of the Social Security benefits the spouse would have received is taken away from that spouse and given to the other spouse to compensate for the anticipated difference. This works as an offset, meant to equalize the property distribution. So, the fact that the trial court in both the original order and in the motion to reconsider order has a discussion about Social Security and has a discussion about how that was taken into consideration only to look at the relevant economic situations of the parties, either it made a difference in the court's finding or it didn't. If it didn't make a difference in the court's findings, then why have a discussion about it? I believe that Cook and Mueller stand for the proposition that it shouldn't be discussed. It shouldn't be considered. It shouldn't be weighed. And so, I believe the issues are clear-cut. I believe that's why the briefs are so short on both sides. I will state that my appeal was two parts. One was on the motion to reconsider that was stricken. I do believe that issue is probably moot at this point because the court has ruled on that motion. And then the second issue would have been this TRS Social Security pension issue. Thank you. All right. Thank you, counsel. Ms. Algar? May I please report? You're welcome. I don't know if this panel wishes me to address the letter that was sent to both counsel. I think the big issue he has asked to amend or supplement his appendix. The problem is there was no appendix at all. I did have concerns about the jurisdictional issues back in February. I wrote counsel and I indicated to him I don't think there's jurisdiction. We still have this pending motion to reconsider. I then filed a motion to stay to find out what happened in the Mueller case. And I thought that jurisdictional component kind of resolved itself somewhat. It wasn't until I actually sat down and realized there was no appendix. There was nothing other than my attaching that document to my own brief, which would show this court that there is jurisdiction. And I think that's the issue. It's not just, oh, it's fine now because the judge ruled on it, so we're good. But rather what is in the record that would actually prove that this court has or establish that this court has jurisdiction. So I think that's the fundamental problem. And it's not just amending or supplementing the appendix. It's that there was no appendix at all attached to the brief. And I would leave that, of course, to this court's discretion in terms of how it wishes to handle that from this point. Counsel and I disagree somewhat over what this appeal is about. I do believe it's a fairly simple appeal because I believe very strictly that this is an issue of a trial court dividing marital property. And that is exactly what we give the trial court a great deal of discretion to do. We tell them, this is your job. You're there. You're seeing all of the witnesses. You're seeing their demeanor. You're seeing how they conduct themselves. You're listening to this evidence. And this evidence was really, quite frankly, kind of overwhelming as to my client being active in the home. She was active in terms of doing various things. And so the court then made a division of property. Now, counsel has said, oh, this is all about Mueller. And I'll admit, I'm the attorney that said, hey, let's see what Mueller says. Because, quite frankly, I thought it could be instructive. I thought it could be helpful. But the fact that the Supreme Court has ruled on Mueller does not resolve this case. It could have been helpful had it gone the other way. Sure, I've been in here very happy about it. However, in this particular case, let's look at what Judge Reiner actually said. And that is, I think, the most fundamental reason to attach his ruling on the motion to reconsider. Because the court made a ruling and said, this is what we're going to do on the pensions and retirement accounts. This is what I think is fair. Counsel then filed a motion to reconsider saying, no, no, no. You took into account this Social Security. And I think it's interesting. Because Judge Reiner, in the motion to reconsider, specifically addresses that. And I don't know how the court wishes to proceed. So I'm going to presume, since I'm here, that I am going to be able to argue about what that motion to reconsider ruling actually says. Correct. The court hasn't made a determination as to the motion to supplement. So to be safe, you ought to address it. Thank you. With regard to that, in subparagraph C of that ruling, he specifically goes and says, the court did not contemplate or intend reference to petitioner's Social Security to constitute an offset or a division of said benefits. Ironically, it was the petitioner who argued that the proper consideration ought to be given to the Social Security benefit was because petitioner had to pay into TRS and therefore had less money coming into the marriage. That's essentially what the argument was. And so that's how this entire issue got raised. It was raised by petitioner and petitioner's counsel. The court goes to some length to say that it did not while agreeing. Petitioner's Social Security could not be divided. The court did not find the reasoning of the petitioner that he should be given more property because he paid more into the marriage because my client paid into TRS. He found that that was not persuasive. And then the court goes on to say, well, okay, if this isn't what I considered, I understand that's your argument. I understand why you think that that's a mistake I as a trial judge made. What did I consider? And then he goes on then in subparagraph D to tell you quite specifically what he considered. And what he considered are the very factors under the statute as to the age, health, amount, sources of income, vocational skills, employability of the parties, the estates, the liability, the needs of each party. The court looked at the contribution each party had made to the marriage. And so the court goes to some length to say, look, this isn't about me offsetting or considering the Social Security. That's an argument you made. What I did is exactly what I as the trial judge am supposed to do. I considered all of the factors. And when I considered all of the factors, here is my ruling. And so as I stand here, I think this is a very simple case because, quite frankly, the standard of review is a manifest way to the evidence. Did the court have enough to do what it did? It did. It certainly did. Ms. Oger, I want to go to Mueller and ask you whether or not it would allow for Judge Reiner's consideration of Social Security benefits in any manner. And he very specifically indicates how he considered prospective Social Security benefits in his order resolving the motion to reconsider. He indicated that it influenced the court's review of the party's economic circumstances, as you pointed out. Mueller, in paragraph 27 of Mueller, and I'll quote, the Supreme Court stated, a more coherent approach is to adhere to Crook and Hiscardo and hold that as a just close quote. Can that be read to be interpreted that it may not be used in any manner, including the manner in which Judge Reiner used it here? Well, I think that's a very difficult question. I think the Supreme Court certainly said this is what – I do believe if you read it, it's very difficult to say anything other than they're saying, look, we – I mean, I quote it in my brief because I want to be fair. They do say we hold Congress intended to keep Social Security benefits out of divorce cases. But I think what the court was saying is, look, if that is not – I actually think what Judge Reiner said is that is not other than consciously saying that it was raised and so it came across is not to say that he relied upon it or that is what he based his opinion upon. And certainly this court – there is sufficient evidence in the record to support the ruling of the court. And so I do believe that – I mean, the Mueller case says what it says. And I'm going to have to be frank and honest about that. I know what the opinion on Mueller was out of this district, and I certainly was supportive of it. However, the Supreme Court has told us what it wishes to do, but I don't think in this particular case that makes Judge Reiner's decision reversible because he goes, without even knowing the response in the Mueller case, to some length to talk about the total picture and not just the issue of Social Security. He specifically says, I didn't just do an offset. I looked at the total picture. And so when you look at the standard of review – and again, I'm not sure why, but counsel indicated in his brief he thought the standard of review was de novo, which I do not. I think the standard of review is whether or not the court committed reversible error. And so I think if you look at the totality of this case, the court did not commit reversible error. And you're going to have to give the court a great deal of discretion because it was in the situation of considering all of the factors and being in a position to observe the witnesses. So, I mean, that's why I think this case is simple, because I think with the standard of review and with what Judge Reiner specifically put in the ruling on the motion for reconsideration about, look, I considered this is so much broader than that, I think that the trial court ought to be affirmed. I do. I do indicate, just in case, because I don't know where this court is going, but I do think in the event you say, look, there was just a little bit too much reference to Social Security and I don't know, certainly there's nothing you can do, and both of us agree that it would be remanded. I don't know that there's anything else you could do, but remanded if that is what, in fact, this court determines. But I certainly think there is sufficient information in the record. There is certainly, Judge Reiner's ruling certainly can be affirmed on appeal in the broad scheme. Unless anyone has any questions, that's my argument. Thank you for your time. Mr. McLaughlin, rebuttal. First I want to mention, I forgot to do that, I do acknowledge that the rules, after I received the letter and my research, I do acknowledge that the rules are not mere suggestions and do need to be followed. And I'd like an opportunity to do that in this case. Ms. O'Barra referenced a communication between her and myself in February, her telling me that the letter stated that this issue is not ripe because of the motion reconsidered. I believe she was wrong. She was trying to say my notice of appeal was untimely. It's my position that 303A2 allows you, or tells you, you file it within 30 days after the judgment, and then it becomes into effect later. She has not, actually before this morning, brought to my attention any other defects that she's seen, with appendix or otherwise. Again, the case cited by the court, the Balkinis, states that a 304A finding that we have here can save jurisdiction. What the original order from Judge Reiner that was incorporated into the judgment dissolution states is that in paragraph 8A, it says, with the exception of the issue of the Social Security versus TRS, the court's intention is that the retirement interest be divided evenly. He didn't divide it evenly. Therefore, that means he took into account the Social Security versus TRS issue. If he hadn't, then, again, the sentence says, the court's intention is that the retirement interest be divided evenly. It's clear that he not only considered it, but used it and offset it. He uses words that, for example, they're comparable. They're deemed equal in the equitable distribution of the merit of property. Comparable value and purpose is in another place. Again, in his order on the motion reconsidered, he brings up my argument that, well, one of the arguments I made regarding this, that's not to say I'm the one who asked the court to consider the Social Security issue. Actually, that's false. It is of record that it was the wife, the appellee, who sought this Social Security versus TRS issue. The court is merely saying what one of my arguments was against it. And the standard of review, I simply looked at Cook, that says that the standard of review where there are no factual or credibility issues, being presented as purely a question of law, can you do the Social Security or can you not? It's de novo. Thank you. All right, thank you. Thank you, both counsel. The case will be taken under advisement and a written decision shall issue.